# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 20, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| TINA WALKER, | * | Unpublished |
| | * | |
| Petitioner, | * | No. 18-1650V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal; Polyneuropathy; |
| AND HUMAN SERVICES, | * | Influenza ("flu"); Insufficient |
| | * | Proof. |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Mark T. Sadaka,* Law Offices of Sadaka Associates, LLC, Englewood, N.J., for petitioner.
*Traci R. Patton,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION DISMISSING PETITION[1]

On October 25, 2018, Tina Walker ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program or Program").[2] Petitioner alleged that she suffered polyneuropathy as a result of receiving the influenza ("flu") vaccine on November 5, 2015. Petition (ECF No. 1). The information in the record does not establish entitlement to compensation.

On May 20, 2021, petitioner filed a motion for a decision dismissing the petition. Petitioner's Motion ("Pet. Mot.") (ECF No. 30). Petitioner states that she understands that dismissing her petition will result in a judgment against her. *Id.* Additionally, petitioner states she has been advised that such a judgment will end all of her rights, for the vaccine in question in this matter, in the Vaccine Program. *Id.* Petitioner also understand that her attorney may apply

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

for attorneys' fees and costs once her case is dismissed and judgment is entered against her. *Id.* Petitioner also understands that respondent reserves the right, pursuant to §300aa-15(e), to question the good faith and reasonable basis of her claim and to oppose, if appropriate, her application for costs. *Id.* Petitioner intends to protect her rights to file a civil action in the future. *Id.*

To receive compensation in the Vaccine Program, petitioners have the burden of proving either: (1) that the vaccinee suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that the vaccinee suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). In this case, petitioner was not alleging a Table Injury and therefore, must demonstrate the vaccine was the cause-in-fact of her alleged injuries. To satisfy his burden of proving causation in fact, petitioner must show by preponderant evidence: "(1)) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.,* 418 F. 3d 1274, 1278 (Fed. Cir. 2005).

Moreover, under the Vaccine Act, the Vaccine Program may not award compensation based on the petitioner's claims alone. Rather, the petitioner must support the claim with either medical records or the opinion of a competent medical expert. § 13(a)(1). In this case, the medical records are insufficient to establish entitlement and petitioner has not presented an expert opinion to support a finding of vaccine causation under *Althen.*

**Thus, petitioner's motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).